**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ANDREW NATHANIEL CAIN,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-566-D |
| | ) | ECF |
| **HONORABLE JOHN JACKSON, ET AL.,** | ) | |
| Defendants. | ) | |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.      BACKGROUND**

Plaintiff filed an unspecified civil action. He is proceeding pro se and the Court has granted him leave to proceed *in forma pauperis*.

Plaintiff asks this Court to intervene in two state cases. Both state cases involve child custody issues in cause number 07-16856-CV, 13th Judicial District Court, Navarro County, Texas, and cause number 2007-50897-367, 367th Judicial District Court, Denton County, Texas. Plaintiff claims the state courts have harassed him, have obstructed justice and have denied him due process. He asks this Court to intervene to prevent witness tampering, obstruction of justice and disregard for his due process rights. He also seeks to enjoin all involved state employees from continuing their employment and asks that they be placed on paid suspension.

## II. SCREENING

The terms of 28 U.S.C. § 1915(e)(2)(B)(i) authorize a federal court to dismiss an action in which the Plaintiff is proceeding *in forma pauperis* before service if the court determines that the action is frivolous or malicious. Under this standard, a district court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those which clearly lack any basis in fact. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.C. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.C. 1827, 1831-32 (1989).

## III. DISCUSSION

Plaintiff asks this Court to intervene in his two state cases. A federal court should abstain from exercising jurisdiction in pending state proceedings in which important state interests are implicated and when it is determined that the plaintiff has an adequate remedy under state law. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10-11 (1987) (citations omitted). In such cases, the doctrines of equity and comity as discussed in *Younger v. Harris*, 401 U.S. 37 (1971), counsel against federal court intervention.

In *Younger*, the plaintiff was charged with a criminal violation in state court. The plaintiff sought injunctive and declaratory relief in federal court, arguing the state prosecution violated his First Amendment rights. The district court held the criminal statute was void for vagueness and overbreadth and granted injunctive relief. The Supreme Court reversed, holding that it was improper for a federal court to enjoin a pending state criminal proceeding absent extraordinary circumstances. *Id*. at 49. The Court stated there was a "longstanding public policy against federal interference with state court proceedings." *Id*. at 43-44.

The *Younger* abstention doctrine has been extended to state civil proceedings that (1) are

pending and (2) in which interference from the federal court would implicate an important state interest and (3) the plaintiff has an opportunity to adjudicate his constitutional claims in state court. *Pennzoil Co.*, 481 U.S. at 12-17.

In this case, Plaintiff challenges state court child custody proceedings that are currently pending.[1] Child custody proceedings clearly involve important state interests. *See Moore v. Sims*, 442 U.S. 415, 434-35 (1979). Further, Plaintiff has an opportunity in state court to litigate his claims of witness tampering, harassment and violations of due process. The Supreme Court acknowledged in *Pennzoil Co.* that under Article VI of the Constitution, state judges are bound by the federal Constitution and federal law, and further, the Texas Constitution has an "open courts" provision, which guarantees litigants the right to access the state courts. *Pennzoil Co.*, 481 U.S. at 15-16. Plaintiff's complaint should therefore be dismissed under the *Younger* abstention doctrine.

## RECOMMENDATION

The Court recommends the complaint be dismissed as frivolous pursuant to the *Younger* abstention doctrine.

Signed this 23rd day of June, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] An on-line records check with Denton County at www.dentoncounty.com shows the Denton County case is currently pending. Navarro County does not have on-line access to its court records, but this Court contacted the Navarro County court by telephone and verified that the Navarro County case is currently pending.

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).